By the Court.
No evidence was introduced by the plaintiff tending to prove the defendant guilty of any of the acts of negligence charged in the petition. On the contrary, the evidence offered on behalf of the plaintiff, including his own testimony, shows conclusively that this box car was in such a position upon the siding that the engine would have passed it in safety had the push-pole not projected far enough from the side of the engine to engage the stirrup on the car; that after the push-pole came in contact with the car it pulled it some distance in the direction in which the engine was going, before the opposite end of the pole became loosened from the engine and flew forward and struck the plaintiff; that the fireman was experienced and competent to operate this engine; that he was moving it in a careful and prudent manner, at a speed not to exceed four or five miles an hour; that at all times he had the engine under perfect control; that immediately upon the alarm being given he stopped the engine within a distance of four- or five feet; that he did not know the push-pole was across the pilot of the engine, and could not see it from his position on the right-hand *502 side of the cab; that by reason of his view being obstructed by the front part of the engine he did not have equal opportunity with the plaintiff to observe the location of the box car as the engine neared it; that the engineer was on the fireman’s side of the cab; that he did not know of the location of the push-pole, but perhaps might have seen it bad he looked downward in its direction; that his duty required him to keep a vigilant watch ahead, and not downward in the direction of the push-pole; that at the time of the accident, he was in the strict performance of his duty; that he saw the box car in such position upon the side track that the engine would pass it in safety; that he did not see the push-pole until the accident happened; that the plaintiff was the only person on the forward part of the engine that had any knowledge of the location of this push-pole; that he had himself placed it athwart the pilot of the engine, instead of on the hooks that had been placed at the side of the tender for the purpose of carrying this pole with safety to all the employes connected with the operation of this engine; and that the plaintiff had placed this push-pole in this position for his own convenience, and had voluntarily taken a seat upon the pilot of the engine, directly ahead of it.
In regard to this last particular, plaintiff testified that he had so placed himself upon this part of the engine to look out for anything that was wrong, “switches wrong or any obstruction on the track or, if the cars wasn’t clear we were to keep our eyes open.”
*503 “Q. And that was your duty, of course, in doing that? A. Yes.
“Q. As you went north on the track you could see the car on the left, of course? A. Yes.
“Q. That was one purpose for which you were standing on the front there, to look out for obstructions? A. Yes.
“Q. And as you went north that car was in the clear; at least you concluded it was in the clear, didn’t you? A. Yes.”
Again, on page 121 of the record:
“Q. You were satisfied that there was a safe clearance? A. I was satisfied that there was a safe clearance.”
It clearly appears from the testimony of the plaintiff himself that if this box car were not in such position upon the sidetrack as to permit the engine to pass it in safety, it was his duty to observe that fact and signal the engineer to stop before coming in contact with it. Having placed the push-pole across the pilot of the engine, and being ¡the only employe of the company upon the front part of the engine that had knowledge of the position of the push-pole, it was his duty to himself and his fellow employes to see that the push-pole remained in such position that it would not come in contact with cars on the adjacent track and cause injury to himself or his fellow workmen.
It may have been the custom of the switchmen employed in the operation of this engine to place this push-pole athwart the pilot for their own convenience, but the company had provided a safe *504 place for it to be carried upon the engine, and it was the switchman’s duty to place it on the hooks provided for that purpose.
Regardless, however, of whether the plaintiff was guilty of any negligence directly contributing to or causing the accident, there is absolutely no evidence tending to prove negligence on the part of the railway company.
Where there is no evidence upon a material issue joined by the pleadings it is the duty of the court to instruct a verdict. Ellis & Morton v. Ohio Life Insurance & Trust Co., 4 Ohio St., 628; Village of Leipsic v. Gerdeman, 68 Ohio St., 1; City of Dayton v. Glaser, 76 Ohio St., 471, and Gibbs v. Village of Girard, 88 Ohio St., 34.
The same principle is involved in the following cases: Cornell v. Morrison, 87 Ohio St., 215, and Cincinnati Gas & Electric Co. v. Archdeacon, Admr., 80 Ohio St., 27.
The plaintiff in his second cause of action averred that the defendant was engaged and that he was employed in interstate commerce. The first cause of action contains no averments with reference to the character of the plaintiff’s employment or the nature of the defendant’s business. The defendant admitted the allegations in the second cause of action, that the defendant was engaged and that the plaintiff was employed in interstate commerce. There was therefore no issue joined by the pleadings as to the nature of his employment or the character of the defendant’s business. The admission by the defendant of the averments in plaintiff’s petition dispensed with proof of these *505 averments. If any proof were necessary, the answers to the interrogatories propounded by the plaintiff would, at least in the absence of conflicting testimony, be sufficient to disclose the character of the employment and the nature of the defendant’s business.
It is of no importance, however, in this case, whether the plaintiff was employed in intrastate or interstate commerce. There was no evidence offered by the plaintiff tending to support the averments of negligence in his petition, and for that reason the judgment of the court of appeals must be affirmed. . .

Judgment affirmed.

Nichols, C. J., Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.